UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN THEBEAU, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:09CV1660 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on John Thebeau's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1, #10]. For the reasons set forth below, the motion will be denied.

**I.     Background**

On April 5, 2007, Thebeau pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) before the Honorable Donald J. Stohr. Criminal Case No. 4:07CR41 DJS. On July 6, 2007, he was sentenced to 216 months imprisonment. The sentencing Guidelines range was 188 to 235 months based upon a total offense level of 31 and criminal history category of VI. Thebeau appealed to the Eighth Circuit Court of Appeals challenging Judge Stohr's finding that his prior convictions for attempted burglary were violent felonies for sentencing enhancement purposes in violation of his Sixth Amendment rights. The Eighth Circuit affirmed.

In his § 2255 motion, Thebeau alleges that his attorney was ineffective for failing to safeguard his negotiated plea agreement. He also alleges a due process violation because the government allegedly sought a sentence above the negotiated plea agreement. In his amended §

2255 motion, Thebeau seeks review of his status as an armed career offender under §4B1.2 of the Guidelines. For the reasons set out below, Thebeau's § 2255 motion will be denied.

**II.    Analysis**

*A. An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Thebeau's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Thebeau's allegations do not rise to the level that would require me to hold an evidentiary hearing.

*B. Arguments Decided Adversely to Movant on Direct Appeal May Not be Relitigated Here*

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (internal quotation marks and citation omitted); see also, Thompson v. United States, 7 F.3d 1377, 1379 (8th Cir. 1993) (citing United States v. Holtzen, 718 F.2d 876, 878 (8th Cir. 1983)). In his amended motion, Thebeau challenges the Court's determination that his prior attempted-burglary convictions were violent felonies for purposes of determining his status as an armed career offender and enhancing his sentence. This argument was considered and rejected by the Eighth Circuit on direct appeal, see Criminal Case 4:07CR41 DJS at docket entry 32, and may not be relitigated here. Thebeau's amended §2255 motion will be denied.

*C. Arguments That Could Have Been Raised on Direct Appeal But Were Not Are Precluded From Review in This § 2255 Proceeding Absent A Sufficient Showing To Avoid the Procedural Bar*

"A collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Because Ground 2 of Thebeau's motion could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).[1] Although Thebeau makes no attempt to excuse the procedural default of his claims, he does argue ineffective assistance of counsel as a ground for relief. The "cause and prejudice" that must be shown to consider a procedurally defaulted claim may include ineffective assistance of counsel. See Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) (internal quotation marks and citation omitted).

---

[1]A movant can also avoid procedural default by demonstrating actual innocence. Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." Id. (internal quotation marks and citation omitted).

Thebeau cannot avoid the procedural default of his claim because his attorney was not ineffective for the reasons discussed below. Therefore, Ground 2 will be denied as procedurally defaulted.[2]

*D. Thebeau's Ineffective Assistance of Counsel Claim Fails*

In Ground 1 of his motion, Thebeau argues that his attorney failed to "safeguard his negotiated plea agreement." The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Thebeau must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Thebeau "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

---

[2]Even if not procedurally defaulted, this ground would be denied as meritless.

Thebeau argues that the terms and conditions of his plea agreement consisted of a advisory range of one hundred (100) to one hundred twenty-five (125) months imprisonment. This allegation is conclusively refuted by the record because the plea agreement does not so state. Instead, it recites that the base offense level is found at §2K2.1 and that the parties agree that enhancements pursuant to §§ 2K2.1(b)(1)(A)2, 2K2.1(b)(4)(A), and 2K2.1(b)(6) were applicable. The parties also agreed that § 3E1.1(a) for acceptance of responsibility would reduce his total offense level by three levels. The plea agreement, signed by Thebeau, also states that "[t]he defendant fully understands that the crime to which a plea is being entered may require a mandatory term of imprisonment of at least fifteen years." The plea agreement also states as follows:

> **Possibility of Enhanced Criminal Status**: As discussed above, the government makes no recommendation or promises regarding the state of the defendant's criminal history. The defendant's criminal history is known to the defendant, who also acknowledges having had an opportunity to consult the preliminary Pretrial Services Report regarding the defendant's criminal history.
>
> In certain situations under the provisions of Title 18, United States Code, Section 924(e) and Section 4B1.4 of the guidelines, the defendant may be subject to some or all of the following: a mandatory minimum sentence of fifteen (15) years, a maximum sentence greater than described above, an enhanced Criminal History Category, and an enhanced Offense Level. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea in this case in the event the Presentence Investigation Report determines the foregoing statute and guidelines apply to defendant's sentence. The defendant does, however, retain the right to litigate these issues at sentencing.

By signing the plea agreement Thebeau acknowledged that "the Court, in its discretion, may apply any Guidelines not addressed in this document. Furthermore, the Court is not bound by these recommendations. The refusal of this Court to follow the recommendations of the parties

shall not serve as a basis to withdraw the plea."

During his plea colloquy, Thebeau admitted under oath that he read, signed, understood, and agreed with the contents of his plea agreement. He also indicated that he was fully satisfied with his attorney's performance. Judge Stohr then held the following exchange with Thebeau:

> THE COURT: The statutory maximum penalty in this case as to each count is imprisonment of not more than 10 years, a fine of not more than $250,000, supervised release of not more than three years, a mandatory special assessment of $100 per count. And if you are sentenced to supervised release and supervised release is revoked on a finding that you violated the terms and conditions of supervised release, you could be sentenced to an additional term of two years.
>
> And in addition if found to be punishable as an armed career criminal as defined in 18 U.S.C. § 924(e), the statutory penalties for each count would be increased to imprisonment not less than 15 years nor more than life, a fine not more than $250,000, supervised release of not more than five years, and a mandatory special assessment of $100. If you supervised release is later revoked, you could be sentenced to an additional terms of imprisonment of not more than five years. Do you understand those are the maximum penalties in this case?
>
> THE DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: Do you understand that the sentence imposed may be different from any estimate your attorney may have given you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you also understand that after it's been determined how the guidelines apply to your case, the Judge has the authority to impose a penalty that is more severe or less severe than the sentence called for in the guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: Do you also understand that if the sentence is more severe than you expected, you'll still be bound by your plea and have no right to withdraw it?

THE DEFENDANT: Yes, sir.

The plea agreement did not contain a stipulated Guidelines range of 100-125 months imprisonment, so counsel was not ineffective as a matter of law for failing to "safeguard" this alleged advisory range. Thebeau acknowledged this fact repeatedly under oath and cannot contradict those statements now. Accordingly, Thebeau's ineffective assistance of counsel claim fails and Ground 1 of his § 2255 motion will be denied.

*E. I Will Not Issue a Certificate of Appealability*

As Thebeau has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion and amended motion of John Thebeau to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1, #10] are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as Thebeau has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2011.